
**FILED**
FEB 0 5 2013
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | Cause No. CR 05-106-GF-SEH<br>CV 13-010-GF-SEH |
| vs.<br>TAMMY HALLING,<br>Defendant/Movant. | ORDER DISMISSING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On February 4, 2013, the Court received from Defendant/Movant Tammy Halling an application for a certificate of appealability. She also submitted motions for the appointment of counsel and for leave to proceed in forma pauperis. Halling is a federal prisoner proceeding pro se.

Halling filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 on September 29, 2008. Mot. § 2255 (doc. 169). The motion and a certificate of appealability were denied on January 29, 2009. Order (doc. 179); *see especially id.* at 15 ¶ 2 (requiring that "[t]he Clerk of Court shall immediately process the appeal if Halling files a Notice of Appeal."). On October 13, 2009, Halling filed

1

a motion in this Court for a certificate of appealability. Mot. COA (doc. 184). The motion was denied on the grounds that a certificate of appealability had already been denied and the time to appeal had expired. Order (doc. 186). On June 1, 2010, the Ninth Circuit Court of Appeals denied Halling's request for a certificate of appealability "due to the failure to file a timely notice of appeal." Order at 1, *United States v. Halling*, No. 09-35920 (9th Cir. June 1, 2010) (doc. 187).

Although Halling calls the instant motion an application for certificate of appealability, it recites substantive grounds for relief against her conviction and does not address her prior § 2255 motion. It is more accurately characterized, therefore, as a second motion under 28 U.S.C. § 2255. There is no need to give Halling notice and an opportunity to respond before the motion is recharacterized as a *second* § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 377 (2003). Her application is so recharacterized.

Because the instant motion is in substance Halling's second under § 2255, and because its filing was not preauthorized by the Court of Appeals, this Court lacks jurisdiction to consider it. 28 U.S.C. § 2255(h); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Because dismissal is imperative, a certificate of appealability is not warranted. Because the motion is untimely, transfer to the Court of Appeals is not in the interest of justice. 28 U.S.C. §§ 1631, 2255(f).

2

**ORDERED:**

1. The application for a certificate of appealability is RECHARACTERIZED as a second motion under 28 U.S.C. § 2255.

2. Halling's second § 2255 motion (doc. 188) is DISMISSED for lack of jurisdiction.

3. All other motions (docs. 188-1, 188-2, 188-3, 188-4) are DENIED AS MOOT.

4. A certificate of appealability is DENIED.

5. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal in the civil case.

DATED this 5th day of February, 2013.

Sam E. Haddon
United States District Judge